TRUMAN BUCK, APPELLEE, v. JOHN STUBEN ET AL., APPELLANTS.

FILED DECEMBER 18, 1901. No. 9,649.

1. **Confirmation of Sale: APPEAL: RECEIVER.** After a confirmation of sale of mortgaged premises, and an appeal from such order by the defendant, the trial court may, in a proper case, when necessary to protect the mortgagee's interests, appoint a receiver to collect the rents pending the determination of such appeal. *Philadelphia Mortgage & Trust Co. v. Goos*, 47 Nebr., 804.

2. ———: ———: **SUPERSEDEAS: BILL OF EXCEPTIONS: TRANSCRIPT: RECEIVER.** Where steps are instituted for the purpose of taking an appeal from a final order of confirmation, the order having been superseded by the execution, approval and filing of a super-

22

sedeas bond, and a bill of exceptions and transcript was being prepared, it would seem the trial court is authorized in a proper case to appoint a receiver as in a pending action, even though at the time the appeal has not been fully consummated.

3. **Mortgage Foreclosure:** RECEIVER. In an action to foreclose a real estate mortgage, where the property pledged is insufficient to pay the debt, and the party primarily liable therefor is insolvent, the trial court is authorized on an application by the mortgagee to appoint a receiver for the mortgaged property; and in such case it is immaterial that a person who is solvent is liable for the debt as indorser or guarantor.

4. **Receiver:** APPOINTMENT: CONTROVERSY: CONFLICTING EVIDENCE: FINDING OF FACT: REVIEWING COURT. Where in a controversy over an application for the appointment of a receiver a question of fact on conflicting evidence arises, and is determined by the trial court, its finding thereon, when warranted by the evidence, will be followed in reviewing the case on appeal.

APPEAL from the district court for Sarpy county. Heard below before POWELL, J. *Affirmed.*

*John P. Breen,* for appellants.

*F. H. Gaines* and *Gaines, Kelby & Storey, contra.*

Argued orally by *Breen,* for appellants; by *Gaines, contra.*

HOLCOMB, J.

Appellants, who were defendants and intervener in the court below, appeal from an order appointing a receiver to take charge of, and collect the rents and profits of, mortgaged property; the order being entered after confirmation of sale of the property made in foreclosure proceedings. The application for the appointment of a receiver was presented in the trial court after the order of confirmation of sale, and during the time an appeal was being perfected to this court, but before the appeal taken was fully consummated.

It is contended by appellants that there was at the time of the application no action actually pending, and, therefore, no authority existed for the appointment of a receiver,

and that the court was without jurisdiction to act in the matter. An appeal from the order of confirmation was in fact taken, and a decision rendered in this court affirming the order which was appealed from. *Buck v. Stuben,* 61 Nebr., 70. Regarding the application for the appointment of a receiver, and the order appointing one, which is now complained of, we find from an inspection of the record that the order of confirmation of sale was granted December 15, 1896. On December 23, an order in the action was entered fixing the amount of a supersedeas bond, which was given on January 2, 1897, and the order of confirmation was thereby superseded during the pendency of the appeal from such order. Time for preparing a bill of exceptions was extended on the application of appellants and the bill prepared and served on opposite counsel on March 8. On March 20, the application was made for the appointment of a receiver, on the ground that the property was insufficient to pay the mortgaged debt, and was being permitted to depreciate and fall into a state of decay for want of proper care and repairs on the improvements on said premises, and that the taxes assessed against the property were unpaid and accumulating and the property was allowed to be sold for unpaid taxes. The appellants appeared and resisted the application, making no objection, however, as to the time of filing the application or that the court was without authority to hear and determine the matter. The six months allowed by statute for perfecting the appeal from the order of confirmation expired June 16, 1897, and the transcript of the record containing the final order appealed from and the bill of exceptions were in fact filed in this court on June 15. On June 26 following, a hearing was had on the application for the appointment of a receiver, and on the issues raised and the evidence introduced by the respective parties the order from which the present appeal is taken was rendered.

Under this state of the record, and without discussing the question of whether for the purpose of appointing a receiver an action would be deemed to be pending during the

interim from the time of the rendition of the order or judg-
ment appealed from to the time of perfecting the appeal
in the appellate court, we are of the opinion that the order
made comes altogether within the rule announced in *Phila-
delphia Mortgage & Trust Co. v. Goos,* 47 Nebr., 804; and
on the authority of that case it must be held that the court
was authorized to act regarding the matter at the time the
order was entered. The appellants at the time were resist-
ing the application, and a showing was made to the effect
that they were prosecuting an appeal from the final order
of confirmation and that the same was being done in good
faith. The supersedeas-bond was predicated on the fact
that they were appealing from such order, and recited that
defendants had appealed therefrom. The bill of exceptions
prepared and served, and later filed in this court with the
transcript of the record, all evidenced the fact that an ap-
peal was being prosecuted; and the appeal thus taken, it
would seem, continued the action, and made it a pending
action within the meaning of the law as to the appointment
of receivers in actions only that are actually pending. The
above views in no manner conflict with *Chadron Banking
Co. v. Mahoney,* 43 Nebr., 214, where it is held that the ap-
pointment of a receiver ordinarily should not be made at
the time of final decree, and, therefore, in an action to fore-
close a mortgage the court erred in appointing a receiver,
applied for in the petition, upon the final hearing, before
the institution of an appeal or an application for a stay.
Says the court in the opinion: "But this order was made as
a part of the final decree; no appeal had been taken; no
steps had been taken towards instituting an appeal. It is
possible, though this we do not decide, that in some cases
a receiver might be appointed pending a stay of execution,
but no stay had been asked for. For all that appeared
when this receiver was appointed the mortgagees might
have proceeded in twenty days (the time fixed for redemp-
tion) to sell the property." The facts in the case at bar,
showing that steps had been instituted for the purpose of
appealing the action, and that the appeal was being per-

fected in the ordinary method, although not finally consummated, make it clearly distinguishable from the case cited by counsel in support of his contention that there was at the time no pending action. No objection was offered on the ground that the application for a receiver was filed prematurely, or when no action was pending; and at the time the order was entered there can be no question but that the action was pending on appeal, and that the court, under the prior holdings of this court, was empowered to act, and was possessed with jurisdiction over the parties and the subject-matter of the action.

It is also contended that the evidence is insufficient to justify the appointment of a receiver. It is urged in support of this proposition that the evidence does not justify the conclusion that the property was being permitted to deteriorate in value and go to waste, or that it was insufficient to pay the mortgage-debt. It is also urged that it is shown by the evidence the plaintiff, who made the application, in addition to the mortgage security, had recourse to others who were personally liable for the debt, as indorsers or guarantors, who were solvent, and from whom the debt or deficiency after the exhaustion of the security could have been collected in an action at law; and, therefore, having an adequate remedy at law for the collection of the debt, a court of equity was not warranted in appointing a receiver to take possession of the mortgaged property. The evidence, we think, justifies the conclusion that the mortgaged property was being allowed to deteriorate in value and go to waste, and was insufficient in value to satisfy the debt for which it was pledged as security, and that those primarily liable for the debt were insolvent. Conceding that others were secondarily liable for the debt and were solvent, can it be said that this fact precludes a court of equity from appointing a receiver, when otherwise confessedly proper? It is to be borne in mind that this is not an application to impound or sequester property generally by the appointment of a receiver, but only the property of the debtor specifically pledged to the payment of the debt.

What may be the proper rule, and to what extent a creditor must go in the exhaustion of every remedy at law he may be able to resort to before he is entitled to the appointment of a receiver to take possession of property generally belonging to a debtor, need not here be discussed. Our statute, in plain and unambiguous terms, seems to have provided that when mortgaged property is probably insufficient to meet the debt for which it is pledged, that a receiver may be appointed to take charge of such property and collect the rents and profits, to be applied to the satisfaction of the debt. Code of Civil Procedure, sec. 266. And this without compelling the creditor to resort to other remedies he may have. The above is the construction which has been placed on the section of the statute cited by several prior decisions of this court, and we observe no good reason for a departure therefrom. *Jacobs v. Gibson*, 9 Nebr., 380; *Ecklund v. Willis*, 42 Nebr., 737; *Philadelphia Mortgage & Trust Co. v. Goos*, 47 Nebr., 804; *Waldron v. First Nat. Bank*, 60 Nebr., 245; *Philadelphia Mortgage & Trust Co. v. Oyler*, 61 Nebr., 702.

The property sequestered has been specifically pledged to pay the debt, and it would seem that, on the highest considerations of equitable principles, a court of equity would not only permit but willingly lend its aid to a proceeding by which resort should be had to such property for the satisfaction of the debt before recourse could be had against those whose liability is only of a secondary nature. *Philadelphia Mortgage & Trust Co. v. Oyler, supra.* The fact that plaintiff held the obligations of others, not primarily liable for the debt, who were solvent, is not, in our judgment, a good reason for denying the plaintiff's application to have a receiver appointed for the mortgaged property, which was specifically pledged to pay the debt, other proper grounds therefor existing.

It is further contended that the plaintiff, prior to his application for a receiver, had, by unfair methods and fraudulent practices obtained from the defendants possession of the premises for which a receiver was asked, and that the

application was made for the purpose of maintaining and making more secure his possession thus obtained, and that a court of equity ought not, in good conscience, to extend the relief prayed for under the circumstances then existing and which were occasioned by the plaintiff's wrongful acts. It is urged that the maxims "He who seeks equity must do equity," and "A person must come into a court of equity with clean hands and free from fraud regarding the matter about which relief is prayed," apply to the plaintiff in the present instance, and that, because of his alleged misconduct in gaining possession of the land, a receiver ought to have been denied him. Conceding the soundness and wisdom of the rule invoked, and that it should apply with full force in all proper proceedings, in the case at bar, the actions complained of and urged as a bar to the relief prayed for and regarding which there is a controversy were fairly submitted to the trial court, with all the parties before it. On the evidence submitted by both parties to the controversy, and as a question of fact, a conclusion was reached favorable to the plaintiff; and we are not prepared to say, in the light of the evidence as preserved in the bill of exceptions and presented in the record, that the conclusion reached was not justified. The explanations made by the plaintiff as to what was actually and in fact done regarding which complaint is made, and the reasons therefor, are consistent with good motives and fair dealings; and where actions are susceptible of two constructions—one being with a good motive, and the other evil—that construction ordinarily will be given which comports with honesty of purpose and good faith in the transaction had. The trial court having taken this latter view of the controverted question, and the evidence having warranted such conclusion, an appellate court should follow the findings thus made.

From what has been said, it logically follows that the order complained of appointing a receiver was right, and should be, and accordingly is,

AFFIRMED.